UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDULLAH RENALDO-REY

CASE No. 8:12-CV-2214-T-27TGW

v.

TOM FALLON
MERCEDES BENZ OF TAMPA,
et. al.

REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint which alleges he was subjected to "humiliation and groundless accusations" while a business invitee of Mercedes-Benz of Tampa (Doc. 1, pp. 2-3). It also appears that defendant Mercedes-Benz contacted the police department during this alleged incident (see id., p. 3).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff's "amended" complaint (Doc. 1) is a rambling and incoherent document which alleges ten purported causes of action. Similar to the plaintiff's other complaints in this court that were recently filed (and dismissed) (see cases 12-cv-1565-JDW-TBM; 12-CV-1566-EAK-TBM), the plaintiff's complaint patently fails to satisfy the requirements of Rule 8, F. R. Civ. P., because there is not a short and plain statement showing that he is entitled to some relief.

To the contrary, the plaintiff does not assert the essential elements of any of his claims or state a discernable factual basis for these claims. Thus, the plaintiff rambles, in conclusory terms, of alleged violations of his rights. However, other than vague allegations of poor treatment by Mercedes-Benz, possibly in connection with an alleged suspended driver's license, even the factual basis of the lawsuit is unknown. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(the complaint must afford the opposing party fair notice of what the claim is and the grounds upon which it rests). In sum, the plaintiff has failed to specify adequately any cognizable wrongdoing by the defendants.

Consequently, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii). Although a *pro se* plaintiff is ordinarily given an opportunity to file an amended complaint, see Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002), the plaintiff has already filed essentially the same complaint in case 12-CV-1565-JDW-TBM, which was dismissed for the same deficiencies (see Docs. 6,

7). Thus, this filing, which the plaintiff aptly titled, "Amended Complaint" constitutes his second opportunity to correct these deficiencies. However, as discussed, this amended complaint suffers from the same fatal defects. I therefore recommend that the complaint be dismissed with prejudice.

                                        Respectfully submitted,

                                        THOMAS G. WILSON
DATED: OCTOBER 3, 2012    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).